UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

YONARKI ALEJANDRO MENDOZA QUINTERO,

*Petitioner*,

v. Case No. 3:26-cv-1308-JEP-MCR

WARDEN, NORTH FLORIDA DETENTION FACILITY, et al.,

*Respondents*.
_________________________________/

**ORDER**

Petitioner, a detainee of the United States Immigration and Customs Enforcement ("ICE"), filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241, seeking, among other relief, an order directing Respondents to release him or alternatively, provide him with a bond hearing pursuant to 8 U.S.C. § 1226(a). (*See* Doc. 1 at 9). Petitioner is a citizen of Venezuela who entered the United States on March 3, 2024, and was granted parole. (*Id.* at 1, 3–4, 16, 19, 21–23). The Department of Homeland Security issued him a notice to appear and scheduled his initial removal hearing for November 21, 2024. (*Id.* at 32). ICE re-encountered Petitioner on January 27, 2026, following a traffic stop, and detained him. (*Id.* at 1, 5). He argues, among other things, that

his continued detention without a bond hearing violates the Immigration and Nationality Act ("INA"). (*Id.* at 8).

This Court previously addressed claims and arguments similar to those raised in this case, concluding that the Court has jurisdiction, but the relevant statutory language and context support the Federal Respondents' position that an alien without lawful admission who has resided in the United States for some appreciable period of time is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Diaz Lopez v. Dir. of Enf't of Removal Operations*, 817 F. Supp. 3d 1260 (M.D. Fla. 2026); *see also Lozano Sousa v. Ripa*, No. 3:25-cv-1617-JEP-PDB, 2026 WL 958794 (M.D. Fla. Mar. 27, 2026). However, on May 6, 2026, the Eleventh Circuit Court of Appeals took the opposite approach on the substantive issue under the INA, concluding that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1276 (11th Cir. 2026).[1] While the opinion did not

[1] Although the mandate has not yet issued, the Eleventh Circuit's published opinion has immediate precedential effect. *See Martin v. Singletary*, 965 F.2d 944, 945 n.1 (11th Cir. 1992) (noting that a published opinion "is the law in this circuit unless and until it is reversed, overruled, vacated, or otherwise modified by the Supreme Court of the United States or by [the Eleventh Circuit] sitting en banc," and that a stay of the mandate "in no way affects the duty of . . . the courts in this circuit to apply now the precedent established by" the published opinion "as binding authority"); 11th Cir. IOP—Cir. R. 36.2 ("Under the law of this circuit, published opinions are binding precedent. The issuance or non-issuance of the mandate does not affect this result.").

specifically address the circumstance of an individual, like Petitioner, who had been initially paroled into the country, the reasoning of the opinion is equally applicable to Petitioner. Petitioner was detained within the interior of the United States—not at the border. *See id.* at 1286. (recognizing "the longstanding border-interior distinction for purposes of [immigration] detention"). And he was not "seeking lawful entry after inspection and authorization by an immigration officer"—indeed, he was "not applying for entry in any literal sense when [he was] detained." *Id.* at 1269 (some internal quotation marks omitted).

In their response, the Federal Respondents argue that upon expiration of parole, Petitioner became subject to mandatory detention pursuant to section 1225(b)(2)(A). (Doc. 4 at 5). Specifically, they point to a regulation that defines "[a]rriving alien" as "an applicant for admission coming or attempting to come into the United States at a port-of-entry" and further expounds that "[a]n arriving alien remains an arriving alien even if paroled pursuant to [8 U.S.C. § 1182(d)(5)], and even after any such parole is terminated or revoked." 8 C.F.R. § 1.2; (Doc. 4 at 4). Section 1225(b)(2)(A) does not contain the term "arriving alien," but rather "alien *seeking admission*." § 1225(b)(2)(A) (emphasis added). Instead, section 1225 provides that "an alien . . . who arrives in the United States . . . shall be deemed for purposes of this chapter an *applicant for admission*." § 1225(a)(1) (emphasis added). Given the Eleventh

Circuit's holding in *Hernandez Alvarez* that mandatory detention applies only to those "seeking admission" to the United States—a "narrower category of applicants for admission," 175 F.4th at 1276—the Federal Respondents fail to explain how Petitioner is an "alien seeking admission" within the meaning of section 1225(b)(2)(A), (*see* Doc. 4 at 5).

In addition, the Federal Respondents argue that Petitioner's parole at a port of entry "suspended his otherwise mandatory detention under § 1225(b)(2)(A), subject, however, the government's right to treat him 'as if stopped at the border.'" (*Id.*) (quoting *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 139 (2020)). But *Thuraissigiam* mentions only the detention status of aliens on parole, not post-termination of parole. *See* 591 U.S. at 139.

Accordingly, the *ratio decidendi* of *Hernandez Alvarez* applies in this case, and the Court is bound by it. (*See* Doc. 4 at 5).

Therefore, it is **ORDERED**:

1. The petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is **GRANTED** as to Petitioner's claim that his detention without an individualized bond hearing violates the INA.[2] Within

[2] Because the Court grants relief on Petitioner's claim under the INA, the Court need not address Petitioner's other claims. *See Banks v. Dretke*, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

**seven days** of this Order, Respondents shall either afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release Petitioner. If Respondents release Petitioner, they shall provide Petitioner with access to a telephone to arrange transportation from the detention facility.

2. The Warden's motion to dismiss (Doc. 8) is **DENIED** for the same reasons stated in *Lanvin-Valdez v. U.S. Immigr. & Customs Enf't*, No. 3:26-CV-180-JEP-SJH, 2026 WL 1004569, at *2–3 (M.D. Fla. Apr. 14, 2026).
3. The Clerk is **DIRECTED** to enter judgment granting the petition, terminate any pending motions as moot, and close this case.

**DONE AND ORDERED** in Jacksonville, Florida, on July 21, 2026.

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

c:
Yonarki Alejandro Mendoza Quintero
Counsel of Record